UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JOSE PORTILLO,

           Plaintiff,

  -against-

TIMOTHY D. SINI, Suffolk County District Attorney,
MICHAEL J. FRANCHI, Warden, Suffolk County
Correctional Facility,
DENNIS M. BROWN, Suffolk County Attorney,

           Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-04106 (JMA)

FILED
CLERK
4/2/2025 12:15 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

  Before the Court is a petition for a writ of habeas corpus filed by Petitioner Jose Portillo pursuant to U.S.C. § 2241. (ECF No. 1.) At the time Portillo filed this petition, he was charged with conspiracy and was in detention awaiting trial. (Id.) Portillo sought habeas relief based on Defendants' purported delay in responding to petitioner's discovery demands, which he claims violates his constitutional rights to due process, speedy trial, and effective assistance of counsel. Portillo also claimed that his bail is excessive. (See Id.)

  The Court has carefully considered this petition and finds that Portillo's claims for habeas relief under U.S.C. § 2241 are moot. After the filing of this petition, Portillo was convicted in the underlying state case. He is now in the midst of an appeal from that judgment. See People v. Jose J. Portillo, No. 2022-03726, 1973/2019, 2024 WL 1432160 (N.Y. App. Div. Apr. 3, 2024). His pretrial habeas petition has thus been mooted by his subsequent conviction and sentence. See, e.g., Mulkey v. Niagara Cnty. Sheriff, 720 F. Supp. 3d 237, 241 (W.D.N.Y. 2024) (denying petitioner's pretrial habeas petition as moot because "his [current] custodial status is based on his subsequent criminal convictions, which he does not challenge in this petition."); Thorne v. Warden, Brooklyn

House of Det. of Men, 479 F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Thus, the instant petition is moot.

For the foregoing reasons, the Court DENIES Petitioner's § 2241 petition as moot. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  April 2, 2025
        Central Islip, New York

                                                    /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE